**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SAAD M. SOLIMAN,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY TAYLOR; PAUL HOWARD; THOMAS CARROLL; LAWRENCE McGUIGAN; JAMES LUPINETTI; DAVID E. PIERCE, Jr.; JOSEPH B.RICHARDSON; RONALD HOSTERMAN; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF THE DELAWARE DEPARTMENT OF CORRECTION; and STATE OF DELAWARE DEPARTMENT OF CORRECTION,<br><br>Defendants. | ) | Civil Action No. 04-1378(GMS)<br><br>JURY TRIAL DEMANDED |

**<u>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO SUPPLEMENT THE RECORD</u>**

Plaintiff, Saad M. Soliman, by and through his undersigned counsel hereby replies to Defendants Opposition to Plaintiff's Motion to Supplement the Record, and in support thereof states as follows:

1. When viewing the factual circumstances behind Plaintiff's submission of a second affidavit by Saad Soliman and its corresponding Motion to Supplement the Record, Defendants' position in opposition is disingenuous.

2. First, the ***sole reason that Plaintiff submitted any affidavits on Defendants' Motions to Dismiss was to respond to Defendants raising the issue of Mr. Soliman failing to file grievances and exhaust his administrative remedies***. In other

words, it was Defendants who expanded the record by raising this issue – not Mr. Soliman. Mr. Soliman was merely attempting to respond to their allegations in this regard, and to clarify the record with respect to this issue.

3. Secondly, Defendants find it necessary to point out that Plaintiff requested an extension to file its Answering Brief to Defendants' Motions to Dismiss. *This*, on the heels of Defendants' request for a fifteen-day extension in order to file the aforementioned Motion – which was granted without argument.

4. Finally, as was explained in the Plaintiff's Motion, the filing of Mr. Wilson's affidavit was done in an attempt to clarify the record, after it was discovered Mr. Soliman's first affidavit contained unintentional misstatements that were due merely to Mr. Soliman's incarceration and our inability to communicate effectively and his inability to receive his mail in a timely manner. At any rate, in response to Plaintiff's counsel's good faith attempt to provide true and accurate facts, Defense counsel telephoned Plaintiff's counsel and contended that it was his opinion that such an affidavit by counsel could potentially disqualify Plaintiff's counsel from representing Plaintiff in this matter. The filing of Mr. Soliman's second affidavit was merely an attempt to allay Plaintiff's objections to Mr. Wilson's affidavit.

5. In short, no matter what Plaintiff does regarding this issue, Defendants are not going to be happy. If Plaintiffs' counsel had not attempted to clarify the inaccuracies in Mr. Soliman's first affidavit, Defendants would have complained of the inaccuracies. Counsel attempted to overcome the identified communication difficulties and cure the inaccuracies, and Defendant complained of that. Now, in an attempt to alleviate Defendants' concerns about Mr. Wilson's affidavit, (as well as a means for Mr. Soliman

to correct his own affidavit as opposed to counsel doing so), Mr. Soliman has filed another affidavit. Again, Defendants object.

6. In no way is Plaintiff's Motion to Supplement the Record an attempt to expand the record after the briefing schedule deadline. All of the events described in Mr. Soliman's second affidavit occurred prior to the briefing deadline and if Mr. Soliman had not been arbitrarily placed in maximum security immediately before the filing deadline,[1] these events would have been contained in the affidavit filed with Plaintiff's Brief.

7. In sum, Plaintiff and Plaintiff's counsel are doing the best that they can under the circumstances to provide this Court with accurate information upon which to decide Defendants' Motions. Given the facts that: (1) Mr. Soliman was placed in maximum security immediately before the filing of this motion thereby effectively cutting off his means of communication with counsel; (2) was not provided his legal mail in a timely manner prior to the filing deadline; and (3) Defense counsel's stance on Mr. Wilson's affidavit; Defendants, claim that they are somehow prejudiced by Mr. Soliman's second affidavit must fail.

---

[1] Based upon information and belief, the charges lodged against Mr. Soliman on February 3, 2005 that caused him to be moved to maximum security and cut off his lines of communication with his attorneys, have been curiously dropped by the State in their entirety in recent days.

Jeffrey K. Martin, Esquire (#2407)
Timothy J. Wilson, Esquire (#4323)
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680

Herbert G. Feuerhake, Esquire (ID # 2590)
The Law Office of Herbert G. Feuerhake
521 West Street
Wilmington, Delaware 19801
(302) 658-6101

*Attorneys for Plaintiff Saad Soliman*

Dated: March 7, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SAAD M. SOLIMAN,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY TAYLOR; PAUL HOWARD; THOMAS CARROLL; LAWRENCE McGUIGAN; JAMES LUPINETTI; DAVID E. PIERCE, Jr.; JOSEPH B.RICHARDSON; RONALD HOSTERMAN; <u>CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF THE DELAWARE DEPARTMENT OF CORRECTION</u>; and STATE OF DELAWARE DEPARTMENT OF CORRECTION,<br><br>Defendants. | ) | Civil Action No. 04-1378 (GMS)<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Timothy J. Wilson, do hereby certify that on March 7, 2005, I electronically filed the ***Plaintiff's Reply to Defendant's Opposition to Motion to Supplement the Record*** and the ***Certificate of Service*** for same with the Clerk of the Court using CM/ECF which will send notification of such filing, and have also sent two (2) true and correct copies of ***Plaintiff's Reply to Defendant's Opposition to Motion to Supplement the Record*** and the ***Certificate of Service*** for same via first class U.S. Mail, postage prepaid to the following:

Aaron R. Goldstein, DAG (ID#3735)
Carvel State Office Building, 6th Floor
820 North French Street
Wilmington, DE 19801
Attorney for Defendants

MARGOLIS EDELSTEIN

Jeffrey K. Martin, Esquire (#2407)
Timothy J. Wilson, Esquire (#4323)
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
jmartin@margolisedelstein.com