IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAAD SOLIMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1378-GMS |
| ) | |
| STANLEY TAYLOR; PAUL HOWARD; ) | |
| THOMAS CARROLL; LAWRENCE ) | |
| McGUIGAN; JAMES LUPINETTI; ) | |
| DAVID E. PIERCE, Jr.; JOSEPH B. ) | |
| RICHARDSON; RONALD HOSTERMAN;) | |
| and CERTAIN UNKNOWN ) | |
| INDIVIDUAL EMPLOYEES OF THE ) | |
| DEPARTMENT OF CORRECTION, ) | |
| ) | |
| Defendants. ) | |

**INDIVIDUAL STATE DEFENDANTS' ANSWER TO THE
PLAINTIFF'S FIRST AMENDED COMPLAINT
AND COUNTERCLAIM OF JOSEPH B. RICHARDSON**

COME NOW, the Defendants[1], Stanley Taylor, Paul Howard, Thomas Carroll, Lawrence McGuigan, James Lupinetti, David E. Pierce, Jr., Joseph B. Richardson, and Ronald Hosterman, by and through their undersigned counsel, and answer Plaintiff's First Amended Complaint as follows:

1. Admitted that Plaintiff is currently a sentenced prisoner housed within the Delaware Department of Correction, denied as to the remainder of the allegations contained in the paragraph.

2. Admitted that Stanley Taylor is the Commissioner of Correction for the State of Delaware, denied as to the remainder of the allegations contained in the paragraph.

3. Admitted that Paul Howard is the Chief of the Bureau of Prisons.

---

[1] Plaintiff's complaint names "Certain Unknown Individual Employees of the Delaware Department of Correction" as a party to this case however no such party has been served process in this matter nor has an entry of appearance been filed on this party's behalf. This answer is filed on behalf of all personally named individual employees.

4.	Admitted that Thomas Carroll is the Warden of the Delaware Correctional Center.

5.	Admitted that Larry McGuigan was the Deputy Warden of DCC, denied as to the remainder of the allegations contained in the paragraph.

6.	Admitted that James Lupinetti was employed by the Department of Correction, denied as to the remainder of the allegations contained in the paragraph.

7.	Admitted that David E. Pierce, Jr. is employed by the Department of Correction, denied as to the remainder of the allegations contained in the paragraph.

8.	Admitted that Joseph Richardson is employed by the Department of Correction, denied as to the remainder of the allegations contained in the paragraph.

9.	Admitted that Ronald Hosterman is employed by the Department of Correction, denied as to the remainder of the allegations contained in the paragraph.

10.	Admitted that the State of Delaware Department of Correction is a division of the State of Delaware, denied as to the remainder of the allegations contained in the paragraph.

11.	The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

12.	The paragraph contains a legal conclusion which requires no response, to the extent a response is required, the paragraph is denied.

13.	The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

14.	The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

15.     Admitted that Plaintiff has committed repetitive criminal offenses and has been incarcerated as a juvenile, denied as to the remainder of the allegations contained in the paragraph.

16.     Admitted that Plaintiff has been an inmate at the Ferris School, denied as to the remainder of the allegations contained in the paragraph.

17.     Admitted that shortly after he was released from incarceration Plaintiff conspired to and committed a home invasion robbery, a felony offense, which resulted in the death of another person. Denied as to the remainder of the allegations contained in the paragraph.

18.     Admitted that during the commission of the home invasion robbery carried out by the plaintiff, he was in possession of a firearm. Denied as to the remainder of the allegations contained in the paragraph.

19.     Admitted that during the commission of the home invasion robbery carried out by the Plaintiff, he possessed a firearm, menaced his victim with the firearm, and engaged in a physical confrontation with his victim.

20.     Admitted that Plaintiff killed his co-defendant and co-conspirator by shooting him with the firearm. Denied as to the remainder of the allegations contained in the paragraph.

21.     Admitted that Plaintiff was charged with Murder, First Degree and other related charges under the laws of the State of Delaware.

22.     Admitted that Plaintiff pled guilty to felony offenses as a result of his admitted criminal conduct which resulted in the death of Gary Robinson.

23.     Admitted that Plaintiff was sentenced to 15 years of incarceration as part of his sentence, denied as to the remainder of the allegations contained in the paragraph.

24. Admitted that Plaintiff was committed to the Delaware Department of Correction, denied as to the remainder of the allegations contained in the paragraph.

25. Admitted that Plaintiff committed several disciplinary violations while he has been incarcerated, denied as to the remainder of the allegations contained in the paragraph.

26. Denied.

27. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

28. Denied.

29. Denied as to the whole and each and every subpart.

30. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

31. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

32. Denied.

33. Denied.

34. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

35. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph with respect to the Plaintiff's individual beliefs; denied as to the remainder of the allegations contained in the paragraph.

36. Denied.

37. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph with respect to the Plaintiff's individual beliefs or realizations; denied as to the remainder of the allegations contained in the paragraph.

38. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph with respect to the Plaintiff's individual beliefs; denied as to the remainder of the allegations contained in the paragraph.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. The paragraph contains a legal conclusion which requires no response, to the extent a response is required, the paragraph is denied.

47. The paragraph contains a legal conclusion which requires no response, to the extent a response is required, the paragraph is denied.

48. Denied. The paragraph contains a legal conclusion which requires no response, to the extent a response is required, the paragraph is denied.

49. Admitted that the named correctional employees were informed and received evidence that Plaintiff carried out a conspiracy to import narcotics and contraband into DCC, denied as to the remainder of the allegations contained in the paragraph.

50. Admitted that the named individuals formed reasonable beliefs that the Plaintiff carried out a conspiracy to import narcotics and contraband into DCC involving Sandra Patterson, denied as to the remainder of the allegations contained in the paragraph.

51. Denied.

52. Admitted that Sandra Patterson admitted to conspiring with Plaintiff to illegally introduce narcotics and other contraband into DCC by sending him a package through a courier, Bruce Duncan. Denied as to the remainder of the allegations contained in the paragraph.

53. Admitted that Plaintiff was charged with institutional and criminal violations as a result of his conspiracy with Sandra Patterson and Bruce Duncan; denied as to the remainder of the allegations contained in the paragraph.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. The paragraph contains a legal conclusion which requires no response, to the extent a response is required, the paragraph is denied.

64. Denied.

65. The paragraph contains a legal conclusion which requires no response, to the extent a response is required, the paragraph is denied.

66. Denied.

67. Denied.

68. Denied.

69. The paragraph contains a legal conclusion which requires no response, to the extent a response is required, the paragraph is denied.

70. Denied.

71. Denied.

72. Admitted that Plaintiff was formally charged with prison disciplinary infractions resulting from his conspiracy to import narcotics and contraband into DCC; denied as to the remainder of the allegations contained in the paragraph.

73. The paragraph contains a legal conclusion/argument which requires no response, to the extent a response is required, the paragraph is denied.

74. Denied.

75. The paragraph contains a legal conclusion/argument which requires no response, to the extent a response is required, the paragraph is denied.

76. Denied.

77. The paragraph contains a legal conclusion/argument which requires no response, to the extent a response is required, the paragraph is denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Admitted that Plaintiff was reclassified to Maximum Security, denied as to the remainder of the allegations contained in the paragraph.

83. Denied.

84. The paragraph contains a legal conclusion/argument which requires no response, to the extent a response is required, the paragraph is denied.

85. Admitted that the hearing officer had insufficient information to find Plaintiff guilty at that time; denied as to the remainder of the allegations contained in the paragraph.

86. Denied.

87. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

88. The paragraph contains a legal conclusion/argument which requires no response, to the extent a response is required, the paragraph is denied.

89. Denied.

90. The paragraph contains a legal conclusion/argument which requires no response, to the extent a response is required, the paragraph is denied.

91. Denied.

92. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

98. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

99. The Defendants are without sufficient knowledge to admit or deny the allegations contained in the paragraph.

100. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

101. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

102. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

103. Denied.

104. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

105. The Defendants re-allege and incorporate by reference paragraphs 1 – 104 of their answer.

106. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

107. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

108. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

109. The Defendants re-allege and incorporate by reference paragraphs 1 – 108 of their answer.

110. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

111. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

112. The Defendants re-allege and incorporate by reference paragraphs 1 – 111 of their answer.

113. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

114. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

115. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

116. The Defendants re-allege and incorporate by reference paragraphs 1 – 115 of their answer.

117. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

118. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

119. The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

120.   The Defendants re-allege and incorporate by reference paragraphs 1 – 119 of their answer.

121.   The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

122.   The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

123.   The Defendants re-allege and incorporate by reference paragraphs 1 – 122 of their answer.

124.   The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.

125.   The paragraph contains a legal conclusion/argument which requires no response; to the extent a response is required, the paragraph is denied.[2]

## DEFENSES AND AFFIRMATIVE DEFENSES

126.   The defendants are immune from liability to the Plaintiff under the doctrine of Sovereign Immunity.

127.   The defendants are entitled to Qualified Immunity.

128.   The defendants are immune from liability to the Plaintiff under the doctrine of State Sovereign Immunity.

---

[2] The Defendants presume that the Plaintiff intended this paragraph to be listed as Paragraph 125 although it is listed in the complaint as a second paragraph 95.

129.    Plaintiff fails to state a claim on which relief may be granted.

130.    Certain of Plaintiff's injuries existed prior to the date of the alleged wrongful conduct by defendants.

131.    Plaintiff's injuries, if any, resulted from an intervening and superseding cause; to wit, Plaintiff's criminal conduct and the conduct of his co-conspirators.

132.    Plaintiff's criminal conduct contributed to any alleged injury that resulted from the alleged incident in a manner which precludes recovery.

133.    Plaintiff has failed to mitigate his alleged injuries.

134.    The defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

135.    To the extent the plaintiffs seek to hold the defendants liable based on supervisory responsibilities, the Doctrine of *Respondeat Superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

136.    The defendants, in their official capacities, are immune from liability under the Eleventh Amendment of the United States Constitution.

137.    The Plaintiff failed to exhaust available administrative remedies in a manner which precludes any recovery.

138.    Lack of subject matter jurisdiction.

139.    Any other appropriate defense or affirmative defense as may be uncovered through the discovery process.

## COUNTERCLAIM OF JOSEPH B. RICHARDSON

140. Joseph B. Richardson, Defendant in the above-captioned action and Counterclaim Plaintiff herein, is an employee of the State of Delaware Department of Correction.

141. Saad Soliman, Plaintiff and Counterclaim Defendant, is an inmate housed within the State of Delaware Department of Correction currently serving a term of Level 5 incarceration as a result of State of Delaware criminal sentence.

142. During the time period April 2004 through the present, Counterclaim Defendant Saad Soliman, made several extrajudicial, oral statements accusing Joseph B. Richardson of the commission of acts of brutality, excessive force, and other criminal acts against him during and in the course, performance, and scope of his employment responsibilities.

143. These claims are absolutely and demonstrably false.

144. Counterclaim Defendant Saad Soliman made the false statements as set forth in paragraph 142 with a willful, wanton, and malicious state of mind with an intent to cause Counterclaim Plaintiff reputational, physical injury, and mental injury.

## JURISDICTION

145. The District Court has jurisdiction over the Defendant's counterclaim pursuant to 28 *U.S.C.* §§ 1367 and 2201 as well as Federal Rules of Civil Procedure 13(a) and/or (b) and 18.

## COUNT I

DEFAMATION (STATE LAW CLAIM)
(*Joseph B. Richardson v. Saad Soliman*)

146. Counterclaim Plaintiff re-alleges and incorporates by reference paragraphs 1 – 145 of this answer.

147. Counterclaim Defendant Saad Soliman made statements of a defamatory nature by falsely accusing Counterclaim Plaintiff Joseph B. Richardson of violent criminal acts and intentional conduct violative of his civil rights. The character of these statements both maligns the Counterclaim Plaintiff in his profession as an employee of the Department of Correction and imputes criminal and civil misconduct. The character of the statements are defamatory in nature.

148. Counterclaim Defendant Saad Soliman did communicate and publicize the above-referenced false accusations to third-party, non-law enforcement, non-litigant, non-judicial individuals.

149. The false accusations of criminal and civil misconduct communicated and publicized by the Counterclaim Defendant specifically refer to Joseph B. Richardson, Counterclaim Plaintiff.

150. The recipients of the defamatory statements understood that Counterclaim Defendant's statements accused Counterclaim Plaintiff Joseph B. Richardson of criminal and civil misconduct.

151. Counterclaim Plaintiff has been subjected to reputational, physical, and mental injury as a result of Counterclaim Defendant's publication of malicious false accusations against him.

152.    By maligning the Counterclaim Plaintiff in his profession and imputing criminal conduct to him, the Counterclaim Defendant Saad Soliman has committed Defamation *per se*.  Accordingly, Special Damages are presumed.

**WHEREFORE**, the Answering Defendants demand that judgment be entered in their favor as to all claims by the Plaintiff and against the Counterclaim Defendant as to all counterclaims, including nominal, compensatory, and punitive damages, costs and, attorney fees.

                                    **STATE OF DELAWARE**
                                    **DEPARTMENT OF JUSTICE**

                                    /S/ Aaron R. Goldstein
                                    _____

                                    Aaron R. Goldstein
                                    Deputy Attorney General
                                    Carvel State Office Building, 6th Fl.
                                    820 North French Street
                                    Wilmington, Delaware 19801
                                    (302) 577-8400
                                    aaron.goldstein@state.de.us
DATE:  October 17, 2005              Attorney for State Defendants.

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on October 17, 2005, I electronically filed *State Defendant's Answer to the Plaintiff's First Amended Complaint and Counterclaim of Joseph B. Richardson* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Jeffrey K. Martin, Esquire and Herbert G. Feuerhake, Esquire.

/s/ Aaron R. Goldstein
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
aaron.goldstein@state.de.us